UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ALONZO VELASCO | No. 24 CR 447<br><br>Hon. LaShonda A. Hunt |

**PROTECTIVE ORDER GOVERNING DISCOVERY**

Upon the agreed motion of the government, pursuant to Fed. R. Crim. P. 16(d), it is hereby ORDERED:

1. All of the materials provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case (collectively, "the materials") are subject to this protective order and may be used by defendant and defendant's counsel (defined as counsel of record in this case) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

2. **The Sensitive Materials:** Certain materials, marked as "SENSITIVE," disclosed or to be disclosed by the government contain particularly sensitive information, including personally identifying information, including visual representations, of one or more persons other than the defendant. These materials shall be plainly marked as sensitive by the government prior to disclosure. No such materials, or the information contained therein, may be disclosed to any persons other than defendant, counsel for defendant, persons employed to assist the defense,

or the person to whom the sensitive information solely and directly pertains, without prior notice to the government and authorization from the Court. Absent prior permission from the Court, information marked as sensitive shall not be included in any public filing with the Court, and instead shall be submitted under seal (except if the defendant chooses to include in a public document sensitive information relating solely and directly to the defendant.

3. **Limits on Disclosure:** Defendant and defendant's counsel shall not disclose the discovery materials or their contents directly or indirectly to any person or entity other than persons employed to assist in the defense, persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure (collectively, "authorized persons"). Potential witnesses and their counsel may be shown copies of the sensitive materials as necessary to prepare the defense, but may not retain copies without prior permission of the Court.

4. **Persons Using or Viewing the Materials Must Be Advised of this Order:** Before providing materials to an authorized person, defendant's counsel must provide the authorized person with a copy of this Order

5. **Records Regarding Individuals Shown the Materials:** Defendant's attorney shall maintain a record of any persons to whom the materials were shown. Defendant's attorney shall maintain a record demonstrating that these individuals have been advised of the terms of this protective order and provided a copy of this

protective order. Defendant's attorney will not disclose such records to the government, unless the Court so orders, but will disclose such records to the Court upon request.

6. If defendant and defendant's counsel believe that a person—who does not fit within the categories of authorized persons defined in Paragraph 3—should be permitted to review and/or retain copies of the Materials, defendant must apply *ex parte* to the Court for permission prior to disclosing the Materials. If the Court grants permission, the person(s) to whom the Court permits disclosure shall be added to the group of authorized persons described above and be subject to this protective order and the rules applicable to authorized persons as set forth in this protective order.

7. **Limits on Copies:** Counsel may share the contents of the sensitive materials with defendant, but may not give copies of the sensitive materials to defendant, and defendant may not retain copies of the contents of the sensitive materials. Defendant's counsel shall not copy or reproduce the materials except in order to provide copies of the materials for use in connection with this case by defendant's counsel. Such copies and reproductions shall be treated in the same manner as the original sensitive materials.

8. Defendant, defendant's counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

9. Upon conclusion of all stages of this case, all of the materials and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court. The materials may be (1) destroyed; (2) returned to the United States; or (3) retained in defense counsel's case file. The Court may require a certification as to the disposition of any such materials. In the event that the materials are retained by defense counsel, the restrictions of this Order continue in effect for as long as the materials are so maintained, and the materials may not be disseminated or used in connection with any other matter without further order of the Court.

10. To the extent any material is produced by the United States to defendant or defendant's counsel by mistake, the United States shall have the right to request the return of the material and shall do so in writing. Within five days of the receipt of such a request, defendant and/or defendant's counsel shall return all such material if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored.

11. The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case, except that any document filed by any party which attaches or otherwise discloses specially

4

identified sensitive information (subject to the rules governing the use of the sensitive materials in public filings as set forth in Paragraph 2). If sensitive materials are displayed in a public courtroom as part of a judicial proceeding, personal identifiers shall be redacted, or if defense counsel believes redaction is impracticable, counsel shall file a motion, *ex parte*, with the Court seeking guidance as to the proper method for displaying such materials. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

**DATED: November 15, 2024**  **ENTERED:**

LaShonda A. Hunt
United States District Judge