UNITED STATES OF AMERICA
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 24 CR 447 |
| v. | Honorable LaShonda Hunt |
| ALONSO VELASCO | |

## GOVERNMENT'S SENTENCING MEMORANDUM

Defendant Alonzo Velasco has pleaded guilty to illegally possessing and transferring parts designed to convert firearms into machine guns. Defendant's prior firearms offense, including his lack of compliance while on pretrial release, and the nature of this offense warrants sentence within the guidelines range of 18 to 24 months. Such a sentence is appropriate to provide just punishment for the offense, to promote respect for the law, to protect the public from further crimes of defendant, and to provide general deterrence for those who might engage in future gun crimes.

## I.    BACKGROUND

On September 23, 2024, defendant Alonzo Velasco was charged by indictment with four counts of possession or transfer of a machine gun, in violation of Title 18, United States Code, Section 922(0) (Counts One – Four). Dkt. 1. On July 31, 2025, defendant entered a plea of guilty pursuant to a plea agreement to Count Three of the indictment, the government will move to dismiss the remaining counts at sentencing. Dkt. 28, 29. Defendant is scheduled for sentencing before this Court on December 2, 2025. *Id.*

## II.     OFFENSE CONDUCT

On four occasions between June and July 2023, defendant Alonzo Velasco,  sold a total of 18 machine gun conversion devices. Dkt. 28 at 2-3.  Specifically, as outlined in the plea agreement, defendant admitted he had a steady supply of these devices and could obtain 25 more from his supplier.

## III.    GUIDELINES CALCULATIONS

The government and Probation concur regarding calculation of the applicable Guidelines. Specifically, the government agrees that the base offense level is 18 pursuant to Guideline § 2K2.1(a)(5), because the offense involved MCDs.  PSR ¶ 17.

The government also agrees with Probation, and with defendant, that he has timely accepted responsibility of the offense, resulting in a three-point offense level reduction, per § 3E1.1(a) and 3E1.1(b).  PSR ¶¶ 24-25.  Resulting in a total offense level of 15. PSR ¶ 26.

The PSR correctly calculated defendant's criminal history points as totaling one, which results in a criminal history category of I.  PSR ¶¶ 32-33. The resulting Guidelines range is therefore 18 to 24 months' imprisonment.  *Id.* ¶ 74.

## IV.     THE § 3553 FACTORS SUPPORT A GUIDELINES SENTENCE OF IMPRISONMENT

Criminal sentencing has four purposes – retribution, deterrence, incapacitation, and rehabilitation. *United States v. Milbourn*, 600 F.3d 808, 812 (7th Cir. 2010).  Section 3553(a) requires the court to impose a sentence that is "sufficient, but not greater than necessary," to comply with the purposes of sentencing.  In order to determine the particular sentence to impose, the Court must consider the familiar

2

statutory factors listed in § 3553(a)(1)-(7). One of those factors is the advisory range set by the Sentencing Guidelines, and another is the Commission's policy statements. *See* § 3553(a)(4), (a)(5). Although the Sentencing Guidelines are advisory only, "[a]s a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 522 U.S. 38, 128 S. Ct. 586, 596 (2007). For two reasons, this Court should give serious consideration to the advisory Guidelines range.

*First*, the Sentencing Guidelines are the sole factor in § 3553(a) that provides any objective sentencing range that can practicably promote the overall goal of minimizing unwarranted sentencing disparities, which is itself a statutorily-mandated factor, § 3553(a)(6). *See United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005) ("The Guidelines remain an essential tool in creating a fair and uniform sentencing regime across the country."); *see also Booker v. United States*, 543 U.S. 220, 250 (2005) ("Congress' basic statutory goal – a system that diminishes sentencing disparity"); *id.* at 253 ("Congress' basic goal in passing the Sentencing Act was to move the sentencing system in the direction of increased uniformity"); *id.* at 267 (rejecting other remedial alternatives because they were inconsistent with the "basic objective of promoting uniformity in sentencing"). The Supreme Court created the advisory system to "continue to move sentencing in Congress' preferred direction, helping to avoid excessive sentencing disparities while maintaining flexibility sufficient to individual sentences where necessary." *Booker*, 543 U.S. at 264-65. The

only way to prevent widespread unwarranted disparities is to give serious weight to the Guidelines.

*Second*, the Guidelines deserve meaningful consideration because they are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions." *Gall*, 128 S. Ct. at 594. It is true that there is no "presumption" that a Guidelines sentence is the "correct" sentence, *Rita v. United States*, 551 U.S. 338, 351 (2007), and that there is "broad" sentencing discretion post-*Booker*. *United States v. Demaree*, 459 F.3d 791, 794-95 (7th Cir. 2006). However, the Commission is "a respected public body with access to the best knowledge and practices of penology; its judgments should not lightly be disregarded." *United States v. Wachowiak*, 496 F.3d 744, 753 (7th Cir. 2007) (internal quotation and citation omitted). Furthermore, the Commission is charged by statute to periodically review and revise the Guidelines as the Commission collects comments and data from numerous sources in the criminal justice system. *See* 28 U.S.C. § 994(o). These ongoing efforts to refine the Guidelines are another reason seriously to consider the advisory range.

Here, a careful consideration of the § 3553(a) factors weigh in favor of a sentence within the guidelines range.

### A. The Seriousness of the Offense and the History and Characteristics of the Defendant Favor a Lengthy Custodial Sentence.

The first sentencing factors the Court must consider are "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Here, both favor a lengthy sentence of incarceration.

Defendant's offense was serious on multiple levels. First, defendant was dealing in device capable of making already lethal firearms more deadly by allowing them to shoot multiple rounds of bullets in a single trigger. Between 2017 and 2021, the ATF recovered 5,454 machine gun conversion devices, including Glock switches, a 570% increase from the preceding five years.[1]

Defendant's history and characteristics also favor a guidelines sentence. Defendant has a prior firearms offense and was on pretrial supervision while he committed this offense. PSR ¶ 32. Additionally, defendant twice violated the conditions of this Court's pretrial release order by using an illegal substance, tampering with his urine sample, and driving without a license and insurance in a vehicle where both a firearm and drugs were located. PSR ¶ 35. His criminal history, particularly his criminal conduct while under court supervision shows a high risk of recidivism and a reckless disregard for the safety of others.

## B. The Need to Protect the Public and for General Deterrence

The next factor the Court must consider is the need to protect the public and general deterrence. At 23 years old, defendant has far from aged out of criminality. Defendant needs a period of incapacitation to protect the community from further danger and to deter defendant from committing future gun-related crimes. As his track record shows, he is significantly high risk to recidivate.

---

[1] US Bureau of Alcohol, Tobacco, Firearms and Explosives, "National Firearms Commerce and Trafficking Assessment (NFCTA): Crime Guns – Volume Two: PART VII: Recommendations and Future Enhancements," January 2023, https://www.atf.gov/firearms/docs/report/nfcta-volume-ii-part-vii-recommendations/download (last accessed November 18, 2025).

Finally, a guideline custodial sentence will promote general deterrence and respect for the law by sending a clear message that those who seek to unlawfully deal firearms in Chicago will be held to account for their conduct.

In sum, based on the seriousness of his conduct, his history and characteristics, and based on his association with firearms, a sentence within the guidelines range is sufficient, but not greater than necessary to account for the aims set forth in § 3553(a).

## V.     CONDITIONS OF SUPERVISED RELEASE

The government agrees with all of the mandatory and discretionary and special conditions of supervised release recommended by Probation. All of these conditions should be imposed on the basis that they will facilitate supervision by the probation officer, promote defendant's respect for the law, and deter him from committing future crimes.

Lastly, the conditions will support defendant's rehabilitation and reintegration into the community, ensure that he is engaged in lawful pursuits upon release from prison, in light of defendant's history and characteristics.

## VI.    CONCLUSION

Based on the foregoing, the government respectfully requests that this Court sentence defendant within the applicable Guidelines range imprisonment and 3 years of supervised release.

Respectfully submitted,

ANDREW S. BOUTROS
United States Attorney

By:    s/ *Elly Moheb*
ELLY MOHEB
Assistant United States Attorney
219 South Dearborn Street
Chicago, IL 60604
(312) 353-1412
elly.moheb@usdoj.gov

Dated: November 18, 2025